**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NGWANQ RANSOME MUPBAH (A No. 243-098-646),<br><br>    Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>    Respondents. | Case No. 1:26-cv-04888-JLT-FJS<br><br>ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS; DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT; DENYING THE MOTION TO APPOINT COUNSEL; ORDERING PETITIONER'S IMMEDIATE RELEASE; AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br><br>(Docs. 1, 3, 4) |

## I.   INTRODUCTION

Before the Court is Ngwanq Ransome Mupbah's request for a temporary restraining order (Doc. 4), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) The government filed a response to the TRO and the underlying petition, asserting only that the petitioner is subject to mandatory detention under 8 U.S.C. § 1231(a)(2). (Doc. 11 at 1–2.) For the reasons stated below, the Court **GRANTS** the petition for writ of habeas corpus.[1]

---

[1]  When the Court set a briefing schedule on the motion for TRO, it ordered the parties to state their position as to whether the motion for TRO should be converted to a preliminary injunction without further briefing, whether the parties sought a hearing on the motion, and whether the parties sought additional briefing on the merits of the habeas petition. (Doc. 7.) Respondents do not request a hearing or

## II.    LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III.    BACKGROUND

Petitioner is a citizen of Cameroon who entered the United States on or around December 1, 2022, where he was encountered by federal immigration authorities, released on an Order of Recognizance, and placed into removal proceedings pursuant to INA § 212(a)(7)(A)(i)(I).[2] (*See* Doc. 11-2 at 1–2.) Petitioner subsequently filed an application for asylum and withholding of removal, which the Immigration Judge denied on June 1, 2026. (*See* Doc. 11-1 at 3.) That day the IJ also ordered Petitioner removed to Cameroon, (Doc. 11-1 at 5), but Petitioner reserved the right to an appeal. (*Id*. at 6.) After his immigration hearing on June 1, 2026, ICE agents waited for him in the lobby of the Sacramento ERO office and arrested him "for being in violation of immigration law." (Doc. 1 at 5; Doc. 11-2 at 2.) On June 16, 2026, Petitioner timely appealed his order of removal to the Board of Immigration Appeals ("BIA").[3] (Doc. 11 at 1.) Petitioner has no criminal history, and there is no indication in the record that he poses a danger to the community,

---

additional briefing on either the TRO or the habeas petition. (*See* Doc. 11.) Considering this and given that Respondents had notice and opportunity to respond, the Court decides this case on the underlying habeas petition.

[2] Though Petitioner provides no details regarding his entry into the United States, (*see* Docs. 1, 4), the I-213 specifically indicates that Petitioner "entered the United States in 2022 at or near El Centro, CA" and was "issued a Notice to Appear on 12/1/2022 in El Centro, CA and released on an Order of Recognizance." (Doc. 11-2 at 2.) Thus, the Court finds that Petitioner was paroled into the interior of the country at the time of entry.

[3] EOIR's automated case information tied to Petitioner's A-Number confirms this information. Specifically, the case information states that Petitioner was ordered removed on June 1, 2026, but that a case appeal to the BIA was received on June 16, 2026, which remains pending. EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited July 8, 2026).

is a flight risk, or violated a condition of release. (Doc. 11-2 at 2; *see also* Docs. 1, 4, 11.) After his arrest, Petitioner was transferred to the Golden State Annex Detention Facility in McFarland, California where he remains. (Doc. 1 at 2, 7.)

## IV.    DISCUSSION

Respondents filed an opposition to the petition and motion for temporary restraining order, arguing only that Petitioner's detention is mandatory under 8 U.S.C. § 1231(a)(2)(A) because he is "now subject to a final order of removal." (Doc. 11 at 1.) Under 8 U.S.C. § 1231(a)(2)(A), "[d]uring the removal period, the Attorney General shall detain the alien." Under the pertinent statutes, the removal period is defined as a period of 90 days after the noncitizen is ordered removed. 8 U.S.C. § 1231(a)(1)(A). Thus, according to Respondents, because Petitioner was detained June 1, 2026, and has only been detained for over a month, his detention is per se lawful. (Doc. 11 at 1 (citing *Khotesouvan v. Morones*, 386 F.3d 1298, 1301 (9th Cir. 2004)); *Khotesouvan*, 386 F.3d at 1299 ("We hold that an alien ordered removed whose removal is not reasonably foreseeable cannot raise a colorable claim for release under the Due Process Clause of the Fifth Amendment until at least 90 days of detention have passed.").

However, *Khotesouvan* dealt with petitioners whose orders of removal were truly final. *See id*. at 1299 n.3 ("[Petitioners] filed their habeas petitions in federal district court approximately 60 days after their orders of removal became final."). Here, Petitioner filed a timely appeal of his order of removal to the BIA on June 16, 2026, (Doc. 11 at 1), and subsequently filed his habeas petition on June 25, 2026. (Doc. 1.) As the Ninth Circuit explained in *Prieto-Romero v. Clark*, 534 F.3d 1053, 1059 (9th Cir. 2008), "[t]he 'removal period' itself ordinarily lasts 90 days, but does not begin until the *latest* of the following: (i) *[t]he date the order of removal becomes administratively final*[;] (ii) [i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order[;] [and] (iii) [i]f the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." *Id*. (citing 8 U.S.C. § 1231(a)(1)(B)) (emphasis added).

Under applicable regulations, an order of removal is not *administratively final* until

"waiver of appeal or upon expiration of the time to appeal *if no appeal is taken* whichever occurs first." 8 C.F.R. § 1003.39 (emphasis added). Petitioner's order of removal is not final. He reserved the right to an appeal (Doc. 11-1 at 6) and timely appealed his removal order on June 16, 2026. (Doc. 11 at 1); 8 C.F.R. § 1003.38(b)(2) (enumerating the filing deadlines for appeals to the BIA as "30 calendar days of the Immigration Judge's decision" in cases where the IJ has adjudicated an asylum application). That appeal has not yet been dismissed or adjudicated by the BIA. *See* 8 C.F.R. § 1241.1(a) ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final: *Upon dismissal of an appeal by the Board of Immigration Appeals*.") (emphasis added). As such, Petitioner remains detained under 8 U.S.C. § 1226(a) pending a determination on the merits of his appeal. *See Prieto-Romero*, 534 F.3d at 1062 (explaining that because petitioner's appeal of his immigration merits decision was still pending review by the Ninth Circuit, the detention authority had not yet shifted from § 1226(a) to § 1231(a)).

Respondents offer little to rebut Petitioner's due process claim, do not provide any justification for detaining the Petitioner, and make no effort to distinguish this case from the numerous cases issued by the undersigned. *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Respondents further fail to show changed circumstances (e.g., the violation of a term of release, or some indicia of flight risk or danger) to justify Petitioner's re-detention. Therefore, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

///

For the foregoing reasons, the Court **ORDERS:**

1.      The petition for writ of habeas corpus (Doc. 1) is **GRANTED**. Petitioner **SHALL** be **RELEASED IMMEDIATELY.**

2.      The motion for temporary restraining order (Doc. 4) is **DENIED** as **MOOT**.

3.      The motion for appointment of counsel (Doc. 3) is **DENIED**.[4]

3.      Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified[5];

4.      The Clerk of Court is directed to serve the Golden State Annex Detention Facility in McFarland, California with a copy of this Order.

5.      The Clerk of Court is directed to close this case and enter judgment for Petitioner.


IT IS SO ORDERED.

Dated:  July 8, 2026

_____
UNITED STATES DISTRICT JUDGE

---

[4]  Petitioner asks this Court to appoint counsel in his habeas action. (Doc. 3.) Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." As explained above, because the Court **GRANTS** the habeas petition and orders Petitioner's immediate release, the interests of justice do not require appointment of counsel.

[5] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to an *administratively* final order of removal, *see* 8 U.S.C. § 1231(a)(1)(B)(i), and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.